UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDDIE S. ROGERS                                             CIVIL ACTION

VERSUS                                                      NO. 13-00014-SDD-RLB

AMERICAN COMMERCIAL
LINES, LLC

## ORDER

This matter is before the Court on defendant American Commercial Lines LLC's Motion to Compel filed on October 9, 2013 (R. Doc. 70). Any opposition to this motion was required to be filed within 21 days after service of the motion. L.R. 7.4. Plaintiffs have not filed an opposition as of the date of this Order. The motion is therefore unopposed.

I. Background

Plaintiff Eddie Rogers, through counsel, filed suit against American Commercial Lines, LLC ("ACL" or "Defendant") on January 7, 2013 (R. Doc. 1). In the complaint, Plaintiff alleged that he was employed by ACL and was injured while in the course and scope of his employment.

On February 5, 2013, Defendant propounded Interrogatories and Requests for Production of Documents upon Plaintiff through his counsel of record at the time, Aub Ward and Roger K Doolittle. (R. Doc. 22-3). Defendant did not receive responses to these discovery requests within thirty (30) days after they were served. On April 29, 2013, Defendant sent a letter to Plaintiff's counsel to schedule a discovery conference on May 7, 2013 to discuss why the discovery responses had not been provided. (R. Doc. 22-4). Plaintiff's counsel advised Defendant's counsel in a telephone call that Plaintiff "was not cooperating" and that Plaintiff's counsel were going to seek leave of court to withdraw. (R. Doc. 22-2 at 2).

Plaintiff's counsel filed an unopposed motion to withdraw on June 7, 2013 (R. Doc. 15), which the court denied on procedural grounds (R. Doc. 16). Plaintiff's counsel filed a second motion to withdraw on June 26, 2013 (R. Doc. 17). Attached to the motion was a May 29, 2013 correspondence from Plaintiff's counsel to Plaintiff advising him that "[d]ue to [his] lack of cooperation with regard to responding to the discovery propounded by the defendants, we have no alternative but to close our file with regard to your claim against American Commercial Lines LLC." (R. Doc. 17-2). The Court granted the motion to withdraw on June 28, 2013 (R. Doc. 18). No new counsel has appeared for Plaintiff.

On September 19, 2013, the court scheduled a status conference in chambers on October 8, 2013. (R. Doc. 19). Plaintiff failed to appear at the status conference. (R. Doc. 20). On October 17, 2013, the court issued a show cause order requiring Plaintiff to show cause in writing on or before November 18, 2013 why his claim against Defendant should not be dismissed for failure to prosecute and/or why appropriate sanctions should not be imposed against him for failure to appear at the October 8, 2013 status conference (R. Doc. 24). Plaintiff has not responded to the show cause order.

## II. Law & Analysis

A party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests. Fed. R. Civ. P. 33 and 34. A shorter or longer time may be directed by court order or agreed to in writing by the parties. *Id.* A party seeking discovery may move for an order compelling answers to interrogatories and production of requested documents if a party fails to provide answers or responses. Fed. R. Civ. P. 37(a)(3)(B). If a motion to compel production is granted, "the court must, after giving an

opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

The Court is aware that the plaintiff is now representing himself pro se. For that reason, the Court advises that, as a pro se litigant, Plaintiff will not be held to the same standards as practicing attorneys. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (finding allegations in a pro se complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers"); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro se plaintiff's] allegations and briefs more permissively"). While Plaintiff may be afforded some level of leniency, he must still respond to discovery requests to the best of his ability and do so within the time periods required. Furthermore, he must submit appropriate memoranda to the court articulating and supporting any arguments he may have in opposition to motions brought by Defendant or such motions will be considered unopposed.

Plaintiff did not submit written responses or objections to Defendant's discovery requests within thirty (30) days after he was served through counsel. Defendant has represented that it conferred with Plaintiff's counsel, while Plaintiff was represented, to obtain the discovery without court action. Furthermore, after Plaintiff's counsel withdrew from this action, Plaintiff failed to attend a status conference in which the instant discovery dispute may have been resolved without further court intervention. Finally, Plaintiff has not submitted an opposition to Defendant's motion to compel. Accordingly, the court will order Plaintiff to submit complete responses to ACL's Interrogatories and Requests for Production on or before **December 4, 2013.**

The court must require the party failing to act, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3). Plaintiff had an opportunity to be heard but failed to file an opposition memorandum within the time allotted by this court's local rules. The record indicates that ACL attempted in good faith to obtain the discovery requested without court action.

The Court is also aware that the instant discovery issue dates back to when Plaintiff was represented by counsel. It is not fully clear from the record whether those delays are properly attributable to the actions or failure to act of Plaintiff. Although Plaintiff's failure to respond to discovery was not substantially justified, because Plaintiff is not currently represented by counsel, the court finds that an award of expenses at this time would be unjust.

Plaintiff is warned, however, that the failure to comply with this Order or failure to meet any additional deadlines in violation of the scheduling order may result in the imposition of sanctions, including an order prohibiting them from supporting or opposing designated claims or defenses, introducing matters in evidence, striking plaintiffs' pleadings, and dismissing this action with prejudice.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** Defendant's Motion to Compel Discovery Responses (R. Doc. 70) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall produce complete responses to ACL's Interrogatories and Requests for Production of Documents on or before **December 4, 2013.**

**IT IS FURTHER ORDERED** that the Clerk of Court is requested and directed to serve a copy of this Order by regular mail and certified mail, return receipt requested, upon the plaintiff, **Eddie S. Rogers**, P. O. Box 12, Artesia, MS 39736.

Signed in Baton Rouge, Louisiana, on November 22, 2013.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**